76666.0296

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BARCELONA LOFTS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Civil Action No. 5:17-CV-01048** |
| | § | |
| **TRAVELERS INDEMNITY** | § | |
| **COMPANY OF AMERICA AND** | § | |
| **ANTHONY TAYLOR** | § | |
| | § | |
| **Defendants** | § | |

## DEFENDANT TRAVELERS INDEMNITY COMPANY OF AMERICA'S NOTICE OF REMOVAL

Defendant TRAVELERS INDEMNITY COMPANY OF AMERICA, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 37TH Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

## I.
## INTRODUCTION

1.      On August 30, 2017, Plaintiff Barcelona Lofts, LLC filed its original petition in the 37TH Judicial District Court, Bexar County, Texas captioned *Barcelona Lofts, LLC v. Travelers Indemnity Company of America and Anthony Taylor*, Cause Number 2017CI16544 (the "State Court Action").

2.      Citation for the State Court Action was issued on September 14, 2017 and served by certified mail to Defendant Travelers on September 25, 2017.

76666.0296

## II.
## BASIS FOR REMOVAL

3.      This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.      The Plaintiff seeks monetary relief of over $1,000,000.00. *See* Exhibit A-1 at paragraph 28, page 7. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

5.      Plaintiff was at the time of the filing of this action, has been at all times since, and still is Limited Liability Company organized to do business in Texas. *See* Exhibit A-1 at paragraph 2. For diversity purposes, the citizenship of a LLC is determined by the citizenship of all of its members. See *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.,* 435 F.3d 51 (1st Cir. 2006); *Handelsman v. Bedford Village Assocs. Ltd. P'ship,* 213 F.3d 48 (2nd Cir. 2000); *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114 (4th Cir. 2004); *Homfeld II, L.L.C. v. Comair Holdings, Inc.,* 53 Fed.Appx. 731 (6th Cir. 2002); *Wise v. Wachovia Securities, LLC,* 450 F.3d 265 (7th Cir. 2006); *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827 (8th Cir. 2004); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020 (11th Cir. 2004). After extensive research, it appears that Plaintiff Barcelona Lofts, LLC has two members, Milmo Investments, LLC and Casa Milmo De Nuevo Leon. *See Exhibit B.* Milmo Investments, LLC has members Casa Milmo De Leon and Alberto Milmo, both of which are located at 512 El Paso St., San Antonio, Texas 78207. *See Exhibit C.* Therefore, because all members of Plaintiff Barcelona Lofts, LLC are Texas residents or Limited Liability Companies with Texas residents as members, Plaintiff

76666.0296

Barcelona Lofts, LLC is a Texas Citizen and has been at all times relevant to this suit, including the date of filing and the date of removal.

6.      Defendant Travelers Indemnity Company of America at the time of the filing of this action, at the time of this removal, at all relevant times since and is currently, a citizen of the State of Connecticut because it is a Connecticut corporation with its principal place of business in the State of Connecticut.

7.      Defendant Anthony Taylor ("Taylor") was improperly joined, and therefore, his citizenship can be disregarded for purposes of diversity jurisdiction. For purposes of considering whether complete diversity jurisdiction exists, a court may disregard the citizenship of parties that have been improperly joined. *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.,* 719 F.Supp.2d 736, 738 (S.D. Tex. 2010)(citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572-73 (5th Cir. 2004)).

8.      Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

9.      "The citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs, Inc.,* 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied,* 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Centr. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law

76666.0296

against the in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005)(citing *Smallwood,* 385 F.3d at 573).

10.     The allegations against Taylor are nothing more than boilerplate allegations that merely track the statutory language. In recent cases, courts have held that an adjuster, like Taylor, was improperly joined where the allegations against him were "mere conclusory allegations" and failed to allege facts that "would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster's] conduct." *Plascencia v. State Farm Lloyds*, 4:14-CV-00524-A, at *14 (N.D. Tex. Sept. 25, 2014.)[1]; *see also e.g. Thomas v. State Farm Lloyds,* 3:15-CV-1937-B, 2015 WL 6751130 at *4 (N.D. Tex. Nov. 4, 2015); *Meritt Buffalo Events Center, LLC v. Central Mutual Insurance Company,* 3:15-CV-3741-D, 2016 WL 931217 at *5-6 (N.D. Tex. Mar. 11, 2106); *Greg Johnson v. The Travelers Home and Marine Insurance Company and Dusty James Nice,* H-16-449, 2016 WL 401146 (S.D. Tex., July 29, 2016).

11.     There is no reasonable basis to predict that Plaintiff could recover for the alleged violation of the Texas Insurance Code §541.060(a)(2)(A) against Taylor. This section of the Texas Insurance Code prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the policy is reasonably clear." Tex. Ins. Code §541.060(a)(2)(A). To support this claim, Plaintiff has merely recited the statutory language without attributing any actions to Taylor. *See* Exhibit A-1. Further, several courts have held that an adjuster like Taylor cannot be liable under §541.060(a)(2) because the adjuster does not have settlement authority on behalf of the insurer. *See Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014); *One Way Invs., Inc. v. Century Sur. Co.,* 2014 WL 6991277, *10 (N.D. Tex. December 11, 2014).

76666.0296

12.     There is no reasonable basis to predict that Plaintiff could recover for the alleged violation of the Texas Insurance Code §541.060(a)(3) against Taylor. Courts have held that an adjuster, like Taylor, "cannot be liable under [§541.060(a)(3)] because the adjuster has neither the responsibility nor the authority to comply with [the section]." *Thomas v. State Farm Lloyds, supra* *4, *citing Mainali,* 2015 WL 5098047 at *4.

13. Additionally, Plaintiff cannot recover against Taylor on the negligence claims asserted. The facts alleged regarding Taylor only relate to his handling of Plaintiff's insurance claim. *See Exhibit A-1.* It is well established that Texas law does not recognize negligent claims handling as a cause of action. *See e.g. Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 460 (5th Cir. 1997); *Jimenez v. State Farm Lloyds,* 968 F.Supp. 330, 334 (W.D. Tex. 1997); *Rooters v. State Farm Lloyds,* 428 Fed.Appx. 441 (5th Cir. 2011).15.

14.     Accordingly, because the allegations against Taylor are conclusory and made solely to destroy diversity jurisdiction, Taylor's citizenship should be disregarded because he was improperly joined.

15.     Taylor's consent to this removal is not required because he was improperly joined. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007)("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993). Out of an abundance of caution, Taylor has consented to this removal. *See* Exhibit E.

16.     This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the

---

1 A copy of the *Plascencia* opinion is not available on Westlaw and is therefore attached for reference as Exhibit D.

76666.0296

United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

17.     This Notice of Removal is filed within thirty (30) days after service (on September 25, 2017) by Defendants of the State Court Action. This Notice of Removal is also been filed within one year of the filing of Plaintiffs' Original Petition by which the State Court Action was commenced. This Notice, therefore, if timely filed pursuant to 28 USC §1446 (b).

### III.
### PROCEDURAL REQUIREMENTS

18.     In accordance with 28 USC section 1446 (D), Defendant will promptly give written notice of this Notice of Removal to Plaintiffs through counsel of record and file a copy of this Notice of Removal in the 37TH Judicial District Court, Bexar County, Texas.

19.     Defendant reserves the right to amend or supplement this Notice of Removal.

20.     The following are included in the Appendix filed contemporaneously with this Notice of Removal:

(a)     an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

(b)     a copy of the docket sheet in the State Court Action;

(c)     a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date; and

(d)     a separately filed Supplement to JS 44 Civil Cover Sheet for Cases Removed from State District Court.

76666.0296

For the above reasons, Defendant gives notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: _____ October, 2017

Respectfully submitted,

ADAMI, SHUFFIELD, SCHEIHING
  & BURNS, P.C.
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone (210) 344-0500
Telecopier (210) 344-7228
bscheihing@adamilaw.com


By: _____
    ROBERT F. SCHEIHING
    State Bar No. 17736350

ATTORNEY FOR DEFENDANT


**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure this ___ day of October, 2017:

John A. Millin, IV
MILLIN & MILLIN, PLLC
4107 North 22nd Street
McAllen, Texas 78504
john@millinmillin.com

_____
ROBERT F. SCHEIHING