# EXHIBIT "A-1"

FILED
8/30/2017 3:40 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Roxanne Mujica

2 CITS PPS/SAC 1
W/JD

CAUSE NO. __2017CI16544__

| | | |
|---|---|---|
| BARCELONA LOFTS, LLC<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§ | BEXAR COUNTY, TEXAS |
| TRAVELERS INDEMNITY<br>COMPANY OF AMERICA AND<br>ANTHONY TAYLOR<br>Defendant | §<br>§<br>§ | __37TH__ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, **BARCELONA LOFTS, LLC** (herein "Plaintiff"), and files this, his Original Petition complaining of Defendant, **TRAVELERS INDEMNITY COMPANY OF AMERICA** ("Insurer") and **ANTHONY TAYLOR** ("Adjuster"), and for cause of action shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct Level 3 discovery under Texas Rules of Civil Procedure 190.4.

### II. PARTIES

2. **Plaintiff, Barcelona Lofts, LLC,** is a Texas limited liability company, organized to do business in Texas.

3. Defendant **Travelers Indemnity Company of America** is an insurance company registered to do business in the state of Texas and can be served with process by certified mail return receipt requested through its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4.     Defendant **Anthony Taylor** is an individual residing in, and domiciled in, the State of Texas. This defendant may be served with personal process via personal service, at 18039 Via Del Arbol, San Antonio, Texas 78257, or wherever he may be found.

### III. VENUE AND JURISDICTION

5.     Suit is proper in Bexar County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the real property at issue is located in Bexar County, Texas. TEX.CIV.P.REM. CODE §15.002 (a)(1). Further, the contract upon which this suit is based was executed in Bexar County, Texas. TEX.CIV.P.REM. CODE §15.035(b).

### IV. FACTUAL BACKGROUND

6.     Insurer issued an insurance policy naming Plaintiff as the insured and providing coverage for direct physical loss caused by windstorm or hail to his property located at 6201 Grissom Road, San Antonio, Bexar County, Texas. Pursuant to the terms of the policy, numbered 680-2C807601, Plaintiff had insurance protection on the dwelling and personal property for any and each such loss resulting from windstorm and hail damage. The building and contents insured pursuant to the insurance contract sustained damage as a result of a storm that struck the San Antonio area in April, 2016, during the policy period. The hail and wind storm created openings in the building through which rain and hail entered and caused extensive damage. Shortly after the storm, Plaintiff submitted a claim to the insurer for wind, hail and water damage to the insured premises as a result of the storm. Thereafter, the insurer conducted a pretextual and faulty investigation. Defendant Anthony Taylor was assigned to adjust the claim and he neither investigated the loss nor inspected the property. Furthermore, Defendant Taylor failed to communicate with Plaintiff. Subsequently and without sound basis, Defendant Travelers underpaid Plaintiff's property damage claim even though liability for such damages was

reasonably clear.

7. Insurer wrongfully denied and/or underpaid Plaintiff's claim under the policy, relying on Adjuster Anthony Taylor's reports. Plaintiff seeks a declaration that the losses claimed are covered occurrences under the Policy and seeks damages for his insurer's wrongful denial.

8. Plaintiff hired the undersigned attorneys to pursue the matter following the insurer's mishandling of the claim. After an investigation was completed on behalf of Plaintiff, a written demand for payment was made. To date, Defendants have failed and refused to pay Plaintiff for its attorneys fees, expenses and mental anguish in having to pursue that to which he is entitled under the policy of insurance.

### V. CAUSES OF ACTION AGAINST TRAVELERS

**A.    BREACH OF CONTRACT**

9. Plaintiff incorporates each of the previous allegations set forth herein.

10. Plaintiff paid the premiums under the Policy and met the conditions precedent to the insurer's obligation to pay the Plaintiff's losses under the Policy.

11. Defendant failed and refused to pay the value of the Plaintiff's claims, thereby materially breaching the Policy and causing Plaintiff's to suffer those losses together with other harm as described further in this petition.

**B.    TEXAS INSURANCE CODE VIOLATIONS**

12. Plaintiff incorporates each of the previous allegations set forth herein.

13. More than thirty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Section 541 and 542, et seq. was sent to Defendant insurer. All notices and proofs of loss were timely given in such manner as to fully comply with the terms and conditions of the Policy and applicable law. In the alternative,

Plaintiff alleges that as to any such terms, conditions, notices, or requirements, the insurer has waived them, and is estopped from asserting them, and/or Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel as to every defense or exclusion pleaded by their insurer in this action, and as to each claim for breach of contract or statutory violation as to Defendant.

14. In mishandling these claims and failing to provide significant evidence to support their position, Insurer has violated the following sections of the Texas Insurance Code:

541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this insurer's liability has become reasonably clear;

541.060(a)(4)(A), by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder;

541.060(a)(7), by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

542.003(a), by engaging in unfair claims settlement practices, as described in 542.003(b), to wit:

(1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

(2) failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy;

(3) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

(4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

(5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

542.057(a), by failing to pay the full amount of the insured's claim no later than the fifth business day after the insurer gave notice it would pay the

claim.

Defendant's violations of the Texas Insurance Code have proximately caused Plaintiff damages. Plaintiff further seeks interest and attorney's fees under Section 542.060 of the Texas Insurance Code for Defendant insurer's violations.

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AND FIDUCIARY DUTIES

15. Plaintiff incorporates each of the previous allegations set forth herein.

16. From and after the time Plaintiff's claim was presented to their insurer, liability to pay the claim in accordance with the terms of the Policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance or risk management company would have relied to adjust Plaintiff's claim, Travelers refused to accept the claim payable to Plaintiff as the Policy required. Despite losses clearly identified by Plaintiff, insurer underpaid each and every part of Plaintiff's claim.

17. At that time, Defendant insurer knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, Defendant insurer failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

18. Consequently, Travelers breached its duty to deal fairly and in good faith with the Plaintiff. The breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff. Insurer also breached their fiduciary duties to Plaintiff that arose out of the special relationship that existed between the parties causing damages to Plaintiff.

## VI.  CAUSES OF ACTION AGAINST ANTHONY TAYLOR

A.  **TEXAS INSURANCE CODE VIOLATIONS**

19.  Plaintiff incorporates each of the previous allegations set forth herein.

20.  More than thirty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Section 541 and 542, et seq. was sent to Defendant Anthony Taylor. All notices and proofs of loss were timely given in such manner as to fully comply with the terms and conditions of the Policy and applicable law. In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, this Defendant has waived them, and is estopped from asserting them, and/or Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or estoppel as to every defense or exclusion pleaded by Defendant Taylor in this action, and as to each claim for statutory violation as to Defendant Taylor.

21.  In failing to promptly and properly investigate the loss assigned to adjuster Anthony Taylor, he violated the following sections of the Texas Insurance Code:

> 541.060(a)(2)(A), by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which this insurer's liability has become reasonably clear; and

> 541.060(3), by failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.

Defendant Anthony Taylor's violations of the Texas Insurance Code have proximately caused Plaintiff's damages. Plaintiff further seeks interest and attorney's fees under the Texas Insurance Code for Defendant Taylor's violations.

B.  **NEGLIGENCE**

22.  Plaintiff incorporates each of the previous allegations set forth herein.

6

23. Defendant Taylor owed Plaintiff a duty of care to conduct his adjustment of Plaintiff's claim in a reasonable manner and in accordance with the appropriate standard of care in the business of insurance. Defendant Taylor breached this standard of care by failing to reasonably investigate Plaintiff's claim. Without conducting a thorough or even reasonable investigation of Plaintiff's claim, Defendant Taylor reported bogus findings to Travelers. Travelers relied on Defendant Taylor's representation to the detriment of Plaintiff and the damages sustained by Plaintiff were proximately caused, in whole or in part, by his negligence.

## VII. ACTUAL DAMAGES AND TREBLING OF DAMAGES

24. Plaintiff incorporates each of the previous allegations set forth herein.

25. Defendants' conduct as described above was a producing cause of Plaintiff's economic damages. As a result, Plaintiff sustained damages in an amount within the jurisdictional limits of this court.

26. These acts and omissions on Defendants' part were done knowingly, that is, with an actual awareness of the falsity, unfairness, or deception of the conduct described.

27. Consequently, Plaintiff requests that the trier of fact award to it additional damages of up to three (3) times the sum of actual damages suffered.

## VIII. RULE 47(c) STATEMENT

28. In accordance with Texas Rule of Civil Procedure 47(c), Plaintiff pleads that the relief it seeks is monetary in nature and is over $1,000,000.00.

## IX. ATTORNEY'S FEES

29. Plaintiff incorporates each of the previous allegations set forth herein.

30. Defendants' conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retention of the attorneys whose names are subscribed to

this petition. Plaintiff is, therefore, entitled to recover from Defendants an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts. Plaintiff has presented his claim for attorney's fees, but Defendants chose to ignore it. Thus, Plaintiff requests attorney's fees under Texas Civil Practice and Remedies Code §38.001, et seq., and the Texas Insurance Code.

## X. CONDITIONS PRECEDENT

31. All of the conditions precedent to bringing this suit and to Defendants' liability under the Policy for the claims alleged have been performed or have occurred.

## XII. JURY DEMAND

32. Plaintiff respectfully requests trial of this cause before a Hidalgo County jury.

## XIII. PRAYER

**WHEREFORE**, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff has the following:

a. Judgment against the Defendants for actual damages and exemplary damages in excess of the minimum jurisdictional limits of this Court;

b. Prejudgment interest as provided by law;

c. Postjudgment interest as provided by law;

d. Attorney's fees;

e. Costs of suit; and

f. All other relief to which Plaintiffs' may show itself entitled, either at law or in equity, either general or special, under the facts set forth in its claims.

8

Respectfully submitted,

**MILLIN & MILLIN, PLLC**
4107 North 22nd Street
McAllen, Texas 78504
Tel: (956) 631-5600
Fax: (956) 631-5605

_____
JOHN A. MILLIN IV
State Bar No. 24005166

9

CERTIFIED MAIL

U.S. POSTAGE PAID
MCALLEN, TX
78501
SEP 21, 17
AMOUNT
$7.50
R2305K139484-16

7017 0530 0000 8533 5481

Saenz Investigative Services
P. O. Box 5206
McAllen, Texas 78502-5206

Travelers Indemnity Co.
Of America
c/o Corporation Service Co.
211 E. 7th St., Suite 620
Austin, Texas 78701-3218

RETURN RECEIPT REQUESTED