IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BARCELONA LOFTS, LLC, | § | |
| *Plaintiff,* | § § § | CIVIL NO. SA-17-CV-1048-OLG |
| vs. | § § | |
| TRAVELERS INDEMNITY COMPANY OF AMERICA, ANTHONY TAYLOR, | § § § § | |
| *Defendants.* | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Plaintiff's Opposed Motion to Remand [#44]. In issuing this recommendation, the undersigned has also considered Defendant Travelers Indemnity Company of America's Response to Plaintiff's Opposed Motion for Remand [#48]. This case was referred to the undersigned for all pretrial proceedings pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas on July 17, 2018 [#23]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's Motion to Remand [#44] be granted and this case remanded to the 37th Judicial District Court of Bexar County, Texas.

## I. Procedural Background

Plaintiff Barcelona Lofts, LLC originally filed this action against Defendants Travelers Indemnity Company of America ("Travelers") and Anthony Taylor ("Taylor") in the 37th Judicial District Court in Bexar County Texas on August 30, 2017 [#1]. Plaintiff's Original Petition [#1-2] alleges that an eight-building apartment complex located at 6201 Grissom Road,

1

San Antonio, which was insured by Travelers, was damaged in a hail and wind storm in April 2016. According to Plaintiff, Travelers underpaid its claim for property damage under the insurance policy. Plaintiff sues Travelers for breach of contract, various violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing, as well as other fiduciary duties. Plaintiff sues Taylor, the adjuster assigned to Plaintiff's claim, under the Texas Insurance Code and for negligence.

Travelers removed the Petition to this Court on October 18, 2017 on the basis of diversity jurisdiction, alleging the improper joinder of Taylor, who—like Plaintiff—is a Texas resident [#1]. At that time, Plaintiff did not move to remand on the basis of lack of diversity, and the case proceeded with a Scheduling Order and was given a trial setting of October 1, 2018 [#8].[1] On June 21, 2018, Defendants filed a Motion for Summary Judgment [#22] as to all of Plaintiff's claims. Plaintiff's response to this dispositive motion was due on or before July 9, 2018. *See* Local Rule CV-7(e). Plaintiff missed the deadline. Approximately five weeks after Plaintiff's response was due, Plaintiff filed an Opposed Motion for Leave to File Response to Defendants' Motion for Summary Judgment [#25], asking the Court to excuse Plaintiff's failure to respond. A few days later on August 17, 2018 (less than six weeks before trial), Plaintiff filed an Opposed Motion to Abate the Case, attempting to invoke the appraisal process [#27].

The undersigned held a hearing on the Motion for Leave to File a Response to Defendant's Motion for Summary Judgment and the Motion to Abate the Case, as well as other pending motions, on August 27, 2018. After the hearing, the undersigned issued a report and recommendation on September 6, 2018 [#42], recommending that the District Court deny both motions. The undersigned concluded that counsel's stated reasons for his failure to respond to

---

[1] On August 31, 2018, the Court continued jury selection and trial until January 14, 2019 due to scheduling issues [#41].

the summary judgment motion did not constitute excusable neglect but instead a failure to monitor the docket in his case and to timely request necessary extensions. As to the motion to abate, the undersigned reasoned that Plaintiff waived its right to appraisal by engaging in litigation conduct inconsistent with the right and by waiting until the eve of trial to attempt appraisal after counsel failed to timely respond to Defendants' motion for summary judgment. The report and recommendation remains pending.

On September 21, 2018, Plaintiff filed the Motion to Remand that is the subject of this report and recommendation [#44]. Travelers responded to the motion, and it is now ripe for review.

## II. Analysis

The Court should remand this case to the 37th Judicial District Court of Bexar County, Texas. Although Plaintiff did not move to remand within the 30 days prescribed in the removal statute, the basis of Plaintiff's motion to remand is this Court's lack of subject matter jurisdiction, a defect in removal which is not subject to the 30-day limit on motions to remand. Taylor—a party who would destroy diversity—remains a defendant in this lawsuit, but Travelers alleges he was improperly joined and therefore his citizenship should be disregarded for purposes of determining diversity jurisdiction. Travelers has not met its heavy burden to prove improper joinder and has failed to establish complete diversity among the parties to this lawsuit. The undersigned therefore recommends that Plaintiff's motion to remand based on lack of subject matter jurisdiction be granted.

**A.     The motion to remand raises a non-waivable, jurisdictional issue.**

Plaintiff asks the Court to remand this case to the 37th Judicial District Court of Bexar County, Texas, arguing that there is not complete diversity of citizenship among the parties due

to the presence of Taylor in the lawsuit. Plaintiff waited to file its motion to remand until almost a year after removal and after Defendants filed a motion for summary judgment that, if granted, would dispose of all claims in this lawsuit. A motion to remand a case generally must be made within 30 days after the filing of a notice of removal under Section 1446(a). *See* 28 U.S.C. § 1447(c). However, a motion to remand for lack of subject matter jurisdiction may be filed at any time between removal and final judgment. *See id.* (explicitly noting that the 30-day limit applies only to motions based on removal defects other than lack of subject matter jurisdiction).

This case presents no federal question, so subject matter jurisdiction only exists if the Court has diversity jurisdiction. Travelers' basis for removal is diversity jurisdiction, but by its motion, Plaintiff argues that there is not complete diversity among the parties. Although Plaintiff has not presented the Court with any justification for its long delay in seeking remand, Plaintiff has not waived its right to challenge the subject matter jurisdiction of this Court.

**B.      Taylor is still a defendant in this lawsuit.**

The undersigned rejects Travelers' argument in its response to Plaintiff's motion to remand that the Court has already "implicitly dismissed" Taylor from this lawsuit because Travelers' Notice of Removal was not challenged by a prompt motion to remand and this case has been proceeding before this Court during the last year based on a claim of improper joinder. When Plaintiff did not file a motion to remand immediately after removal, Travelers could have moved to dismiss Taylor from the lawsuit, or this Court could have *sua sponte* made a ruling on subject matter jurisdiction and the question of improper joinder. Neither of these actions occurred. Thus, as is evidenced by Travelers' motion for summary judgment, which was filed by both Travelers and Taylor, Taylor is still an active Defendant in this lawsuit until dismissed by an Order of this Court.

4

**C.     Travelers has not established fraudulent joinder and the case should be remanded.**

Plaintiff's motion to remand for lack of diversity jurisdiction should be granted. Although Travelers maintains that the Court should disregard the citizenship of Taylor because he was improperly joined as a Defendant to this suit, Travelers has failed to satisfy its burden to establish fraudulent or improper joinder.

A civil action may be removed from a state court to a federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(a). To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied, which includes the requirement of complete diversity of citizenship. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); *see also* 28 U.S.C. § 1332. However, a non-diverse defendant will not destroy complete diversity if it can be shown that the defendant was "improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood*, 385 F.3d at 572. The party seeking removal bears the "heavy burden" of proving that the joinder of the in-state party was improper. *Id.* at 574.

A defendant is improperly joined if the removing defendant establishes that "(1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). The Fifth Circuit has recognized two avenues to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish

a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).

To prove that a plaintiff has not stated a claim against a defendant, the removing defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. In resolving this issue, the court in most instances will conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* In undertaking the improper-joinder analysis, federal courts must apply federal, not state, pleading standards. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 208.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, a Court need not credit

conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

Travelers has failed to satisfy its "heavy burden" to demonstrate that there is no possibility of recovery by Plaintiff against Taylor. *Smallwood*, 385 F.3d at 573–74. Thus, Taylor is a properly named Defendant whose citizenship destroys this Court's diversity jurisdiction, and this case must be remanded to state court, despite the inconvenience and prejudice the delay has caused Travelers.

Plaintiff's Original Petition alleges that Taylor violated Sections 541.060(a)(2)(A) and 541.060(a)(3) of the Texas Insurance Code by "failing to promptly and properly investigate" Plaintiff's claimed loss. (Orig. Pet. [#1-2] at ¶¶ 20–21.) Plaintiff also asserts a claim of negligence against Taylor, alleging that Taylor breached his duty to reasonably adjust Plaintiff's claim when he "reported bogus findings to Travelers." (*Id.* at ¶¶ 22–23.) The Petition contains the following allegations against Taylor to support these claims: Taylor was assigned to adjust Plaintiff's claim and yet failed to investigate Plaintiff's loss, inspect Plaintiff's property, or communicate with Plaintiff regarding the claim. (*Id.* at ¶ 6.) Plaintiff alleges that Taylor nonetheless reported findings regarding the claim to Travelers, upon which Travelers relied in denying the claim, and these findings were "bogus." (*Id.* at ¶¶ 7, 23.)

Given the foregoing, Plaintiff has stated at least one plausible claim against Taylor: that Taylor violated Section 541.060(a)(2)(A) of the Texas Insurance Code.[2] Chapter 541 identifies and prohibits certain activities in the business of insurance as unfair or deceptive, including unfair settlement practices. *See* Tex. Ins. Code §§ 541.001, 541.003, 541.060; *Martinez v. Great*

---

[2] Because Plaintiff alleges plausible claims against Taylor under Chapter 541 of the Insurance Code, it is not necessary to evaluate the viability of Plaintiff's claim under Chapter 541(a)(3) or its negligence claim against Taylor.

*Lakes Reinsurance*, No. DR-15-CV-00073-AM/VRG, 2016 WL 4371946, at *3 (W.D. Tex. Jan. 19, 2016). To enforce these prohibitions, Texas created a private right of action "against another person for those damages caused by the other person engaging" in the conduct proscribed by Section 541.060. *Martinez*, 2016 WL 4371946, at *3 (citing Tex. Ins. Code § 541.151(1)). Section 541.060(a)(2)(A) prohibits the failure "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A).

Causes of action for violations of Chapter 541 are, at least in some instances, viable against adjusters and not just insurers. The predecessor statute to Section 540.060 was Article 21.21 of the Texas Insurance Code. In construing this provision, the Fifth Circuit stated that "Texas law clearly authorizes Article 21.21 actions against insurance adjusters in their individual capacities." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998)). Since *Gasch*, numerous district courts in this Circuit have held that an insurance adjuster is not improperly joined in a lawsuit where the Plaintiff makes allegations of misconduct under Chapter 541 against an insurance adjuster in addition to the insurance company defendant. *See, e.g.*, *Fairway Leasing, LLC v. Nationwide Mutual Ins. Co.*, No. SA-17-CA-752-XR, 2017 WL 7693373, at *4 (W.D. Tex. Oct. 4, 2017) (rejecting improper-joinder argument and granting remand based on plausible claim under Section 541.060(a)(2)(A)); *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681 (W.D. Tex. Oct. 14, 2016) (adjuster could be liable under Section 541.060(a)(2)); *J.Jacobs Hair Salon & Spa v. Travelers Casualty Ins. Co. of Am.*, No. SA-13-CA-999-FB, 2014 WL 12489993, at *3–4 (W.D. Tex. May 22, 2014), *report and*

*recommendation adopted by* 2014 WL 12489994 (W.D. Tex. June 10, 2014) (adjuster could be liable under Sections 541.060(a)(1) and (a)(2)).

Yet other courts in the Circuit have reasoned that Section 541.060(a)(2)(A), the provision under which Plaintiff sues Taylor here, is inapplicable to adjusters, due to their lack of settlement authority. *See, e.g.*, *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Although some courts have struggled to reconcile *Gasch* with the reasoning in *Lopez* and *Messersmith*, the majority of courts in this district have concluded that adjusters can be liable under Section 541.060(a)(2)(A), emphasizing that an adjuster has the ability "to effectuate a prompt, fair, and equitable settlement" because the adjuster is the one who investigates and evaluates insurance claims. *See, e.g.*, *Meza v. Underwriters at Lloyd's of London Syndicate 2488 & Syndicate 2003*, DR–14–CV–087–AM/VRG, 2015 WL 13273303, at *5 (W.D. Tex. Sept. 30, 2015) ("when the insurer violates [Section 541.060(a)(2)] through the actions of [its] adjuster, the same claims that can be stated against the corporation can be stated against its agent"); *Mehar Holdings*, 2016 WL 5957681, at *4 (collecting authorities); *see also J.Jacobs Hair Salon & Spa*, 2014 WL 12489993, at *3 ("[T]he Court perceives no reason why an adjuster, though lacking the authority to actually settle a claim, cannot be held liable for failing to make a good faith effort to effect a settlement. Adjusters play a role in the investigation, estimation, and settlement of insurance claims.").

The undersigned, as well as the district judge ultimately presiding over this case, have consistently followed suit. *See, e.g.*, *So Apartments, LLC v. Everest Indem. Ins. Co.*, No. 5:17-CV-856-OLG, 2017 WL 9439097, at *3 (W.D. Tex. Dec. 17, 2017) (granting remand based on plausible claim under Section 541.060(a)(2)); *Cardenas v. Great Lakes Reinsurance (U.K.) SE*,

No. SA-17-CV-342-OLG, 2017 WL 5484685, at *2 (W.D. Tex. June 5, 2017) (same); *Vasquez v. State Farm Lloyds*, No. SA-17-CV-01080-DAE, 2018 WL 1899808, at *3 (W.D. Tex. Mar. 15, 2018), *report and recommendation adopted*, No. 5:17-CV-1080-DAE, 2018 WL 1905112 (W.D. Tex. Apr. 2, 2018) (same); *Turner Club v. Acadia Ins. Co.*, No. SA-17-CV-246-FB, 2017 WL 5235671, at *3 (W.D. Tex. May 16, 2017), *report and recommendation adopted*, No. SA-17-CA-246-FB, 2017 WL 5505384 (W.D. Tex. June 8, 2017) (same).

The fact that there exists a split in authority among district courts in this Circuit is further reason to grant Plaintiff's motion to remand, in light of the well-settled rule governing motions to remand that any ambiguities are to be construed against removal and in favor of remand. *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013). As numerous judges in this district have recently noted, the existence of authority that allows claims against adjusters to proceed under these Texas Insurance Code provisions—despite some contrary authority— dictates that this case should be remanded. *See Sunburst Homeowners Ass'n v. Nationwide Prop. & Cas. Ins. Co.*, No. 5:17-CV-946-OLG, 2017 WL 9439099, at *3 (W.D. Tex. Dec. 18, 2017) (concluding that "lack of clarity regarding an issue of state law" should be resolved in Plaintiff's favor and remanding for state court to decide issue); *Fairway Leasing*, 2017 WL 7693373, at *3 (construing split of authority in favor of remand); *Mehar Holdings*, 2016 WL 5957681, at *4 (same); *Shade Tree Apartments v. Great Lakes Reinsurance*, No. A-15-CA-843-SS, 2015 WL 8516595, at *6 (W.D. Tex. Dec. 11, 2015) (same).

Finally, the undersigned notes that the Texas Legislature recently amended the Texas Insurance Code to add an additional chapter, which—among other things—gives insurers an election to assume an adjuster's potential liability to an insured. *See* Tex. Ins. Code § 542A.006. If this election is made, the cause of action against the adjuster must be dismissed with prejudice.

10

*Id.* This amendment took effect on September 1, 2017, the day after this lawsuit was filed. Therefore, the amendment does not apply to this case. *See id.* The fact that the Texas Legislature passed this amendment in itself is persuasive evidence that it construed the pre-amendment version of the Texas Insurance Code (the version that applies in this case) to permit liability to be imposed on adjusters.

In summary, Travelers has failed to meet its heavy burden to demonstrate that there is no reasonable basis by which Plaintiff could recover against Taylor under Chapter 541 of the Texas Insurance Code. *See Smallwood*, 385 F.3d at 573 (defendant bears burden to demonstrate that there is "no possibility of recovery" by plaintiff against in-state defendant). The allegations contained in Plaintiff's Original Petition against Taylor claim that Taylor failed to make a good faith effort to effect a settlement, because Taylor issued a report to Travelers without ever inspecting Plaintiff's property or communicating with Plaintiff. (Orig. Pet. [#1-2] at ¶¶ 6–7, 20–23.) The undersigned finds these allegations sufficient to state a plausible claim under Section 541.060(a)(2)(A). Accordingly, Taylor was not improperly joined in this lawsuit, and his citizenship must be included in the diversity analysis. Due to the lack of diversity of citizenship between Plaintiff and Taylor, there is no federal jurisdiction over this action, and Plaintiff's motion to remand must be granted. In light of this conclusion, the District Court lacks jurisdiction to consider the previous report and recommendation issued in this case [#42] or the Motion for Summary Judgment filed by Defendants [#22]. Accordingly, all motions not yet resolved should remain pending and follow this case back to state court, and the undersigned's previous report and recommendation [#42] should be dismissed.

### III.  Conclusion and Recommendation

Having considered Plaintiff's motion, Traveler's response, Plaintiff's Original Petition, and the governing case law, the undersigned **recommends** that Plaintiff's Opposed Motion to Remand [#44] be **GRANTED**; the undersigned's previous Report and Recommendation [#42] be **DISMISSED**; and the above-numbered cause of action be **REMANDED** to the 37th Judicial District Court of Bexar County, Texas.

### IV.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 5th day of November, 2018.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE